*Filed in Open Court on 8-29-12 @ 11:34 am*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

UNITED STATES OF AMERICA                                    PLAINTIFF


v.        CRIMINAL NO. 1:011CR-30-R


LOUISA A. EDMONDS                                           DEFENDANT

### PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by David J. Hale, United States Attorney for the Western District of Kentucky, and defendant, Louisa A. Edmonds, and her attorney, Mr. Jason Petrie, have agreed upon the following:

1.    Defendant acknowledges that the Indictment returned by grand jury charges her with 5 counts of violating Title 26, U.S.C., Section 7206(1), 15 counts of violating Title 26, 7206 (2), and four counts of violating Title 18, United States Code, Section 1028(a)(7).

2.    Defendant has read the charge against her contained in the Indictment, and those charges has been fully explained to her by her attorney.  Defendant fully understands the nature and elements of the crime with which she has been charged.

1

3.    Defendant will enter a voluntary plea of guilty to all 24 counts contained in the Indictment.  Defendant will plead guilty to these charges because she is in fact guilty of all of these charges.

4.    Defendant understands that the charges to which she will plead guilty carry the following maximum penalties: Counts 1 through 20: 3 years imprisonment, $250,000 fine, and 1 year supervised release; and Counts 21 through 24: 5 years imprisonment, $250,000 fine, and 3 years supervised release. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

5.    Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that she will then be subject to certain conditions of release.  §§5D1.1, 5D1.2, 5D1.3.

6.  Defendant understands that by pleading guilty, she surrenders certain rights set forth below.  Defendant's attorney has explained those rights to her and the consequences of her waiver of those rights, including the following:

      A.    If defendant persists in a plea of not guilty to the charge against her, she has the right to a

2

public and speedy trial.  The trial could either be a jury trial or a trial by the judge sitting without a jury.  If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that defendant is presumed innocent and that it could not convict her unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B.    At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and her attorney would be able to cross-examine them.  In turn, defendant could present witnesses and other evidence in her own behalf.  If the witnesses for the defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court.

C.    At a trial, defendant would have a privilege against self-incrimination and she could decline to testify, without any inference of guilt being drawn

3

from her refusal to testify.  If defendant desired to do so, she could testify in her own behalf.

7.   Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing.  Defendant admits all acts and essential elements of the indictment counts to which she pleads guilty.

8.   By the terms of this plea agreement, the Defendant agrees to the entry of an order of restitution to the IRS for losses suffered by the IRS as a result of the offenses charged in Counts 1 through 5 and 21 through 24, which are as follows: Count 1: $2,773; Count 2: $5,254; Count 3: $6,319; Count 4: $14,095; Count 5: $4,871; Count 22: 2,238; and Count 23: $1,589. In conjunction with this requirement the defendant, as an essential term of this plea agreement, must agree to truthfully complete a financial information statement, and related documents, provided to her by the United States Attorney's Office, the Court, and/or the U.S. Probation Office in which she is required to disclose all information related to her current financial situation. The defendant further understands that she

4

may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required.

9. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $2,400 to the United States District Court Clerk's Office on or before the date of sentencing.

10. At the time of sentencing, the United States will

> -recommend a sentence of imprisonment of at the low end of the applicable guideline range.

> -recommend a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(b), provided the defendant does not engage in future conduct which violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw her plea.

> - By the terms of this plea agreement, the defendant reserves the right to raise objections to the United States' tax loss calculations.

> - By the terms of this plea agreement, the defendant reserve the right to make argument and/or present proof in support of a sentence lower than the range of punishment applicable to her case under the sentencing guidelines.

5

11.   Defendant is aware of his right to appeal her conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.   The Defendant knowingly and voluntarily waives the right (a) to directly appeal her conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack her conviction and the resulting sentence pursuant to 28 U.S.C. § 2255 or otherwise.   Defendant understands and agrees that nothing in this plea agreement should be construed as a waiver by the United States of its right to appeal the sentence under 18 U.S.C. § 3742.

12.   Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offense covered by this Agreement.

13.   The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy

6

Act of 1974, 5 U.S.C. § 552a.

14.  Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to federal agencies, including the Internal Revenue Service, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

15.  It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court.  In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw her guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

16.  This document states the complete and only Plea Agreement between the United States Attorney for the Western District of Kentucky and defendant in this case, and is binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or

7

on the record in Court.  No other promises or inducements have

been or will be made to defendant in connection with this case,

nor have any predictions or threats been made in connection with

this plea.

AGREED:

DAVID J. HALE
United States Attorney

By: _____          8/29/12
Jim Lesousky                                    Date
Assistant U.S. Attorney


    I have read this Agreement and carefully reviewed every part
of it with my attorney.  I fully understand it and I voluntarily
agree to it.

_____          8/29/12
Louisa Edmonds                             Date
Defendant


    I am the defendant's counsel.  I have carefully reviewed
every part of this Agreement with the defendant.  To my knowledge
my client's decision to enter into this Agreement is an informed
and voluntary one.

_____          8/29/13
Mr. Jason Petrie                           Date
Counsel for Defendant

DJH:JRL

8